UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REYNEL VALENCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   3:18-CV-1061-GCS |
| | ) |
| VENERIO SANTOS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

**SISON, Magistrate Judge:**

Pending before the Court is Defendant Venerio Santos's March 3, 2020 motion for summary judgment. (Doc. 38, 39).[1] As of this date, Plaintiff Reynel Valencia has not filed a response to the motion.[2] The undersigned considers Valencia's failure to respond as an admission of the merits of the motions for summary judgment.

On May 4, 2018, Valencia, an inmate housed at Centralia Correctional Center ("Centralia"), brought this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights against officials at Centralia and Vandalia

---

[1] Pursuant to Federal Rule of Civil Procedure 56, *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) and *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), Santos filed the required notice informing Valencia of the consequences of failing to respond to the motions for summary judgment. (Doc. 40).

[2] On April 2, 2020, the Court entered an Order advising the parties that Valencia's response to the motion for summary judgment was due on or before June 8, 2020. (Doc. 41).

Correctional Center ("Vandalia"), the institution where Valencia was previously incarcerated. (Doc. 1). As limited by the Court's threshold order, the following claim survived review in this case:

> **Count 1:** Eighth Amendment claim against Santos for exhibiting deliberate indifference to Plaintiff's serious medical condition (chronic diarrhea and associated pain) when Plaintiff was incarcerated at Centralia.

(Doc. 6). A similar claim against Dr. Afuwape for deliberate indifference when Valencia was incarnated at Vandalia was severed into another action. *Id*.

Thereafter, on May 3, 2020, Santos filed the motion for summary judgment arguing that Valencia cannot set forth any evidence that establishes he was deliberately indifferent to Valencia's medical needs. As stated before, Valencia has not responded to the motion and the time to respond to the motion has passed. The Court considers Valencia's failure to respond as an admission of the merits of the motions filed by Santos. *See* SDIL Local Rule 7.1(c); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts).

Based on this admission, the Court finds that Santos was not deliberately indifferent to Valencia's medical needs. Santos is entitled to summary judgment on Valencia's claim against him.

Accordingly, the Court **GRANTS** Santos's motion for summary judgment (Doc. 38). Further, the Court **DIRECTS** the Clerk of the Court to enter judgment in favor of

Venerio Santos and against Reynel Valencia. Valencia shall take noting from this case.

**IT IS SO ORDERED.**

**Date: June 15, 2020.**

Digitally signed by Judge Sison
Date: 2020.06.15 09:56:19 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**